IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 31 PM 3:56

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| JEFFREY P. BECKHAM, | |
| Plaintiff, | |
| vs. | No. 05-2262-Ml/P |
| HARDIN COUNTY, et al., | |
| Defendants. | |

### ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

Plaintiff Jeffrey P. Beckham, Tennessee Department of Correction prisoner number 350927, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on April 4, 2005. The Court issued an order on May 11, 2005 directing the plaintiff, within thirty days, to submit the documentation required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) or remit the full civil filing fee. Plaintiff submitted the required documentation on May 25, 2005. Because this case is being transferred, the assessment of the filing fee issue will be left to the transferee court.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-2-05



which any defendant may be found, if there is no district in which the action may otherwise be brought.

This claim has no connection with the Western Division of this district apart from the fact that the plaintiff is currently incarcerated within this division, a fact that has no bearing on the proper venue for this action. All the defendants can apparently be found in Hardin County, and the allegedly wrongful acts occurred in Hardin County. Hardin County is in the Eastern Division of the Western District of Tennessee. 28 U.S.C. § 123(c)(1). Accordingly, the complaint asserts no basis for venue in the Western Division of this district.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the Eastern Division of this district. 28 U.S.C. § 123(c)(1). Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Western District of Tennessee, Eastern Division.

IT IS SO ORDERED this  31  day of August, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02262 was distributed by fax, mail, or direct printing on September 2, 2005 to the parties listed.

Jeffrey Beckham
350927
P.O. Box 1150 11-A-07
Henning, TN 38041--115

Honorable Jon McCalla
US DISTRICT COURT