IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY P. BECKHAM, | ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 05-2262-T/P |
| HARDIN COUNTY, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jeffrey P. Beckham, Tennessee Department of Correction prisoner number 350927, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 4, 2005 in the Western Division of the Western District of Tennessee in connection with his previous confinement at the Hardin County Jail ("Jail"). District Judge Jon Phipps McCalla issued an order on May 11, 2005 directing the plaintiff to submit the documentation required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or remit the full civil filing fee within thirty days. Plaintiff submitted the required documentation on May 25, 2005. Judge McCalla issued an order on August 31, 2005 transferring the case to the Eastern Division of the Western District, where it was received on September 7, 2005.


The Clerk shall record the defendants as Hardin County; Mike Fielder, an investigator with the Hardin County Sheriff's Department; Gary Austin, an administrator with the Hardin County Sheriff's Department; and Hardin County Sheriff Sammy Davidson.[1]

## I.     Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an *in forma pauperis* affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's

---

[1] The Court construes the plaintiff's allegations concerning the Hardin County Sheriff's Department as an attempt to assert a claim against Hardin County.

[2] Effective March 7, 2005, the civil filing fee increased from $150 to $250.

account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $250 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose

appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WTSP to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

The factual allegations of the complaint consist, in their entirety, of the following:

(1)     I was transported from W.T.S.P. by the Hardin County Sheriff's Dept on Oct/6/04 for a court appearance on Oct-12-04 without any transport order.

(2)     I made an appearance to the Hardin County Circuit Court on Oct-12-04 and then was held an additional month before being brought back to prison.

(3)     I was refused by the Hardin Co. Sheriffs Dept any legal materials of any kind during the months of Oct 04, Nov 04 and was intimidated by City of Savannah Police [O]fficer Kenneth Thompson during that time.

The prayer for relief provides as follows:

I wish for the courts to make a more than satisfactory settlement, this has caused me a lot of mental abuse and a lot of lost time off work, and lost time with my children and family members, I am an only child and should not at all be forced to perform any government service, and am being refused the right to live as well as the right to defend my family because of neglegence [sic] by the inferior courts.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to

dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete

5

exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, certain aspects of the complaint are subject to 42 U.S.C. § 1997e(a), particularly the failure to permit access to legal materials while incarcerated at the Jail. The plaintiff has not attached any documents to his complaint demonstrating that he exhausted his administrative remedies. He alleges, in conclusory terms, that he filed a grievance and took "every appeal available," but the complaint does not describe the substance of the grievance or the nature of the appeals that were available. Moreover, the complaint does not demonstrate that the plaintiff exhausted his claims against the individual defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which

6

relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489.³ Moreover, pursuant to the recent decision in <u>Jones Bey</u>, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each of his claims with respect to every defendant named in each claim. <u>Foushee v. Wiggins</u>, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005). Accordingly, the complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

Moreover, the Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Plaintiff's complaint also is subject to dismissal in its entirety on the merits.

As a preliminary matter, the complaint contains no factual allegations about defendants Fielder, August, and Davidson. When a plaintiff completely fails to allege any

---

³ As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).[4]

Moreover, defendant Davidson cannot be held liable in his individual capacity for the plaintiff's treatment at the Jail solely on the basis of his positions as sheriff of Hardin County. There is no *respondeat superior* liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citing Hays v. Jefferson County, 668 F.2d 869, 872-74 (6th Cir. 1982)). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendant Davidson "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform

---

[4] The complaint alleges that plaintiff was intimidated by City of Savannah Police Officer Kenneth Thompson, but Thompson is not named as a party to this action. Nothing in the complaint suggests that any other defendant can be held responsible for Thompson's conduct.

8

a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996).

The complaint also does not allege a valid claim against any defendant for depriving the plaintiff of access to his legal materials. This claim is, in actuality, a claim that plaintiff was deprived of his First Amendment right of access to the courts. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); see also Bounds v. Smith, 430 U.S. 817, 822 (1977). The Supreme Court has held that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds at 828. However:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996); see also Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." Rodgers v. Hawley,

9

14 Fed. Appx. 403, 409 (6th Cir. June 22, 2001) (citing Lewis v. Casey, 518 U.S. at 351-53); see also Hadix v. Johnson, 182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how Lewis altered the "actual injury" requirement previously articulated by the Sixth Circuit). In Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), the Sixth Circuit explained that "actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim."

In this case, plaintiff does not adequately allege that the defendants' actions caused him any actual injury. As a preliminary matter, the complaint is silent concerning the nature of the legal proceeding at issue and, therefore, it cannot be confirmed that it involved a challenge to the plaintiff's conviction or a suit concerning the conditions of his confinement. Moreover, because the plaintiff has not identified the legal proceeding at issue, it necessarily follows that the plaintiff has not demonstrated that his claim is nonfrivolous. Finally, the complaint does not allege that the plaintiff was prejudiced in the prosecution of any lawsuit due to his lack of access to unspecified materials during the one month he was incarcerated at the Jail.

Plaintiff's claims concerning the lack of a transport order and the fact that he spent a month at the Jail are also without merit. As a preliminary matter, the complaint provides no basis for concluding that any defendant is responsible for these circumstances. Even if that were not the case, these circumstances do not violate the Eighth Amendment.[5] The

---

[5] Convicted inmates' rights stem from the Eighth Amendment, while pre-trial detainees' rights stem from the Fourteenth Amendment. Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Roberts v. City of

Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03.

In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; or that he has been deprived of the "minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Constitution "'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9 (quoting Rhodes, 452 U.S. at 347).

---

Troy, 773 F.2d 720, 723 (6th Cir. 1985). However, the scope of a detainee's Fourteenth Amendment rights are equivalent to that of a convicted inmate under the Eighth Amendment. Thompson, 29 F.3d at 242; Roberts, 773 F.2d at 723. In this case, it appears that the plaintiff was a convicted inmate at the time he was housed at the Jail. See State v. Beckham, No. W2002-02444-CCA-R3-CD, 2003 WL 22272376 (Tenn. Crim. App. Sept. 29, 2003), perm. app. denied (Tenn. Mar. 8, 2004). Even if that was not the case, the scope of his rights are equivalent in any event; therefore, the Court will analyze his claims under Eighth Amendment principles.

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate this risk in its prisons. Helling v. McKinney, 509 U.S. 25, 36 (1993). In this case, it is inconceivable that transporting the plaintiff to the Jail in connection with a court appearance but, apparently, without a valid transport order, is sufficiently serious to satisfy the objective component of an Eighth Amendment violation. It is also inconceivable that keeping the plaintiff in the Jail for a month for a one-day court appearance violates the Eighth Amendment.

Finally, although the prayer for relief seems to challenge the plaintiff's continued incarceration, any such claim is premature. Because the plaintiff's conviction and sentence have not been overturned, he may not obtain money damages for any alleged wrongdoing arising out of his arrest, prosecution, and incarceration. As the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

> plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnotes omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is ended in his favor, or an existing conviction is set aside, or the confinement is declared illegal. Id. at 481-82; Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995).

For all the foregoing reasons, the Court DISMISSES the complaint in its entirety with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an

13

appeal *in forma pauperis*. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 3rd day of November, 2005.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02262 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

Jeffrey Beckham
350927
P.O. Box 1150 11-A-07
Henning, TN 38041--115

Honorable James Todd
US DISTRICT COURT